# IN THE COURT OF APPEALS OF IOWA

No. 20-1555
Filed March 17, 2021

**IN THE INTEREST OF A.O. and B.O.,**
**Minor Children,**

**M.M., Mother,**
    Appellant,

**R.O., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Pottawattamie County, Scott Strait,

District Associate Judge.

The mother and father each separately appeal the termination of their

parental rights. **AFFIRMED ON BOTH APPEALS.**

Mandy L. Whiddon of Whiddon Law, Omaha, Nebraska, for appellant

mother.

Kyle E. Focht of Focht Law Office, Council Bluffs, for appellant father.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant

Attorney General, for appellee State.

Marti Nerenstone, Council Bluffs, attorney and guardian ad litem for minor

children.

Considered by May, P.J., and Greer and Schumacher, JJ.

**GREER, Judge.**

The father and mother separately appeal the termination of their parental rights to their children, A.O. and B.O., born in 2014 and 2012, respectively. The father's rights were terminated pursuant to Iowa Code section 232.116(1)(e), (f), and (*l*) (2020). And the mother's rights were terminated pursuant to section 232.116(1)(e) and (f). Both parents challenge the sufficiency of evidence supporting their statutory terminations. Each parent also challenges whether termination is in the children's best interests and maintain an exception to termination should be applied to save the parent-child relationships.

## I.      Background Facts and Proceedings

The family first came to the attention of the Iowa Department of Human Services (DHS) in 2014 due to the father's use of amphetamines and methamphetamine and because he allowed the children to be near their uncle while he was using illicit substances. That case eventually closed, and the children were returned to their parents' care in 2015.

But, because of a second series of events, DHS again became involved. On April 24, 2019, DHS received an intake that the parents were using methamphetamine while caring for the children. Then, the mother was arrested for domestic assault against the father. Two days later, the father submitted a drug screen for his probation officer, which was positive for methamphetamine, marijuana, and benzodiazepine.

Following a July 24, 2019 hearing, A.O. and B.O. were again adjudicated to be children in need of assistance. The children were placed in the care of their paternal grandmother. They have remained in her care since that time. With time

running down and no appreciable progress, a petition to terminate parental rights was filed September 15, 2020.

The hearing for termination of parental rights occurred in October of 2020. The juvenile court terminated both parents' rights under section 232.116(1)(e) and (f), and also terminated the father's rights under section 232.116(1)(*l*). The parents separately appeal.

## II. Standard of Review

Appellate review of termination proceedings is de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). Our primary consideration is the best interest of the children. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). An order terminating parental rights will be upheld if there is clear and convincing evidence of grounds for termination under section 232.116. *In re D.W.*, 792 N.W.2d 703, 706 (Iowa 2010).

## III. Analysis

An Iowa Code chapter 232 termination of parental rights follows a three-step analysis. *P.L.*, 778 N.W.2d at 39. First, the court must determine whether a ground for termination under section 232.116(1) has been established. *Id.* If said ground for termination is established, the court must then apply the best-interest framework set out in section 232.116(2). *Id.* Third and finally, if the best-interest framework supports termination of parental rights, the court must consider if any of the statutory exceptions set out in section 232.116(3) weigh against the termination of parental rights. *Id.*

This court need only find one paragraph of 232.116(1) met to affirm a termination. *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We address each

parent separately using the statutory framework as applied to their respective histories.

## A. Mother's Appeal

The mother first claims the juvenile court erred in terminating her rights under section 232.116(1)(f). To establish a termination of parental rights under this section, the court must find that all of the following have occurred:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

The mother contests the fourth element. Pointing to her progress, she asserts that she has been participating in drug treatment and has secured housing with a room for the children to use as their own.

Contrary to her assertions, the record shows that the mother, at the time of the termination hearing, was living with her boyfriend. Complicating the situation, this boyfriend's criminal record included domestic abuse, possession of a controlled substance, and gun convictions, and he did not pass a background check conducted by DHS. Her apartment contained only two bedrooms, yet four adults resided there at the time of the hearing, including the boyfriend. DHS has not evaluated the other residents of the apartment to determine whether they are safe to be around the children. Further, it was not uncommon for the mother to move frequently.

In addition to housing instability, the mother failed to address her substance-abuse or mental-health issues throughout these proceedings. The mother suffers from depression and anxiety. After failing to complete scheduled substance-abuse and mental-health evaluations, she was discharged from her treatment due to poor attendance. She has consistently failed drug tests or failed to show for the screenings. The children cannot be returned to the mother's care because of her instability in housing and apparent refusal to appropriately address her mental-health and addiction issues. For these reasons, we find the evidence supports termination of the mother's parental rights under section 232.116(1)(f).

Next, we consider whether termination is in the children's best interests. *See P.L.*, 778 N.W.2d at 37. In evaluating this issue, we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." Iowa Code § 232.116(2); *see also J.E.*, 723 N.W.2d at 802 (Cady, J., concurring specially) (stating a child's safety and need for a permanent home are the "defining elements" in determining a child's best interests). The mother contends that "it is not in the best interest of her children to have parental rights terminated as there is a bond with [her] and she is capable of providing the necessary care to them." We find her argument unconvincing. Although the children may very well be bonded with their mother, she has been unable to meet their needs. At the time of the termination hearing, the mother could not offer the children a suitable permanent home; their safety could not be assured with other adults un-vetted by DHS living in the apartment. There are also questions about the level of care the mother could provide, due to

her lack of consistency in treatment for drug abuse and mental health. We also note she had not moved past two visits per week with the children.

Insofar as we understand the mother's passing statement of her "bond" with the children to implicate section 232.116(3)(c), we also consider whether it should be applied to save the parent-child relationship. *See* Iowa Code § 232.116(3)(c) (allowing the court to forego termination when "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship"). So long as a parent can prove an exception applies, the court *may* conclude termination is inappropriate. *In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018). We cannot say the children are so bonded to their mother that the detriment of termination will outweigh the benefit they will gain from having permanency and stability.

We affirm the termination of the mother's parental rights to both children.

**B. Father's Appeal.**

Similar to the mother, the father challenges the statutory grounds cited by the juvenile court to terminate his parental rights. We choose to focus on termination under paragraph (f), as we did for the mother. The court can terminate under section 232.116(1)(f) when:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

The father challenges both the third and fourth elements. He contends that when he returned to the family home to live with the children and paternal grandmother for approximately three months in early 2020, it constituted a "trial period at home," which lasted longer than thirty days. *See* Iowa Code § 232.116(1)(f)(3). He also asserts the children could have been returned to his care at the time of the termination hearing. *See id.* § 232.116(1)(f)(4).

Beginning with the third element, our case law establishes that it is met when either a child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months *or* when a child has been removed from the physical custody of the child's parents for twelve consecutive months and any trial period at home is less than thirty days. *See In re D.M.J.*, 780 N.W/2d 243, 245–46 (Iowa Ct. App. 2010) (considering the language of section 232.116(h)(3), which mirrors the language in section 232.116(1)(f)(3)). In other words, the "trial period at home" language only applies to the second part of the clause. *See id.* So trial periods do not affect whether the third element has been met if we are only considering whether the children have been removed for twelve of the last eighteen months. And here, the children were removed on July 25, 2019 and remained outside of the parents' custody until the time of the termination hearing on October 19, 2020. So the children have been out of the parents' custody at least twelve of the preceding eighteen months. Insofar as the father maintains the children were never "removed" because they continued living in the same home with the paternal grandmother while the parents moved out, this argument also fails. *See In re J.H.*, No. 18-1425, 2018 WL 5840198, at *3 (Iowa Ct. App. Nov. 7, 2018) ("'In the statute, the term "remove" and its derivatives—in

the context of physical custody—invariably involves a dynamic change of circumstance, not stasis.' 'By construing "remove from physical custody" to require a change from physical custody to lack of physical custody . . . the statute ensures that before termination occurs . . . a parent has had a chance at physical custody in the past that has been unsuccessful. . . .' By ordering the father to vacate the residence, a 'dynamic change of circumstances' occurred." (citations omitted)). Section 232.116(1)(f)(3) is met.

We also conclude the children could not be returned to the father's care at the time of the termination hearing. *See* Iowa Code § 232.116(1)(f)(4). Even without considering the father's June 2020 relapse on methamphetamine and arrest for operating while intoxicated, or his August 2020 arrest for trespassing, at which time he admits he was using alcohol, the father's own testimony at the termination hearing established the children could not be returned to his care. The father voluntarily moved into a sober living house in Nebraska less than a month before the termination hearing. No ICPC study[1] was completed by the time of the termination hearing, and while the father enjoyed visits with the children at the home, he testified he did not want the children to live with him there because they would have to change schools and "because of [his] work schedule." According to the father, he plans to live at the sober living house for "the next year at least." Because the father rents only a room in the house, he failed to show he could have the children live with him or that there was even space for them to stay. We commend the father for doing what he needs to do to maintain his sobriety but, as

---

[1] A home study pursuant to the The Interstate Compact on the Placement of Children was required to move the children to Nebraska.

he recognized at the termination hearing, the children could not be returned to his care.

The father mentions "best interests" in passing but does not make a specific argument. *See* Iowa Code § 232.116(2). Despite many months of services afforded through DHS involvement, the father is not yet able to provide the children with a stable home and consistent care. Thus, termination is in the children's best interests. *See A.S.,* 906 N.W.2d at 474 ("Children simply cannot wait for responsible parenting.").

Lastly, we must consider whether any statutory exceptions apply. Iowa Code § 232.116(3). The father raises two arguments: first, he states that because of the bond between him and the children, the termination should not occur. *See id.* § 232.116(3)(c). Second, he argues that because the children are currently living with their paternal grandmother, we should apply the section 232.116(3)(a) exception to save the parent-child relationships. The paternal grandmother is available to adopt, and given her role as the stable constant, we are unconvinced by either argument as it would impede the progress toward a permanent home for the children.

We affirm the termination of the father's parental rights to both children.

**AFFIRMED ON BOTH APPEALS.**